[File No. 69.]

## STATE OF NORTH DAKOTA, Respondent, v. A. FLATH, Appellant.

(237 N. W. 792.)

Opinion filed August 14, 1931.

*F. T. Cuthbert* and *F. F. Wyckoff,* for appellant.

344

*James Morris,* Attorney General, *C. N. Cottingham,* State's Attorney, and *F. W. Medbery,* for respondent.

CHRISTIANSON, Ch. J. The defendant was convicted of the crime of taking indecent liberty with the person of a child in violation of the provisions of chapter 167, Laws 1923 (§ 9562a, Supplement to the Compiled Laws of 1913) and appeals from the judgment of conviction and from the order denying his motion for a new trial. The statute for the violation of which defendant was convicted reads as follows:

"Every person who shall take any indecent liberty with or on the person of any child, which act under law does not amount to rape, or attempt to commit rape, or assault, with intent to commit rape, or

sodomy, or other crime against nature, shall be guilty of a felony and shall be punished by imprisonment in the penitentiary not less than one year nor more than two years." (Chapter 167, Laws 1923; § 9562a, Supplement to the Compiled Laws of 1913.)

The sufficiency of the information,—that is, whether the facts therein stated constituted a violation of the statute,—was presented to this court and ruled adversely to the defendant in State v. Flath, 59 N. D. 121, 228 N. W. 847.

The specific charge against the defendant in this action is that he took indecent liberty with the person of one George Smith, a child, by "wilfully, unlawfully, feloniously, lewdly and lasciviously taking into his hands and handling and manipulating" the sexual organ of said George Smith "with the felonious intent then and thereby of arousing, appealing to and gratifying his sexual lust and passions."

The first and principal assignment of error is that the trial court erred in admitting evidence of other crimes. It appears from the record in this case that in addition to the instant case informations were filed against the defendant in two other cases charging him with similar acts with two other boys. Upon the trial of this action the boys mentioned in the other two cases were called and testified as witnesses for the prosecution.

The state's case in chief consisted solely of the testimony of George Smith, the boy upon whose person the offense is charged to have been committed. The defendant, thereupon, was sworn and testified as a witness in his own behalf. He denied emphatically and positively the charges against him and asserted that he at no time committed any of the acts which George Smith had testified to. The state thereupon, on rebuttal, called the two other boys, mentioned in the informations filed in the other two cases, and these boys were permitted to testify in detail as to the alleged criminal acts committed by the defendant upon their persons. This testimony was all admitted over the most strenuous objections on the part of counsel for the defendant. It appears from the record that before the evidence was admitted the state's attorney made an offer of proof and that thereupon an argument upon the question of admissibility was had in the absence of the jury. The trial court at that time seems to have been of the view that the evidence was inadmissible, and sustained an objection to the offer of proof.

When the witnesses were called defendant's counsel made a lengthy objection to the admission of the testimony. The state's attorney stated that the testimony was offered "for the purpose of showing a general scheme and for the purpose of showing the general licentious character of this defendant and a general scheme and course of action by him." The trial court thereupon overruled the objection and permitted the testimony to be admitted.

The question involved in a criminal action is whether the defendant is guilty of the particular offense with which he is charged. Hence, the only evidence properly admissible in such action is such as tends to establish either the guilt or the innocence of the defendant as regards the particular offense involved in that case. The state has the burden of establishing the guilt of the defendant of the particular offense charged in that action and it must sustain that burden by the means of competent, legal and relevant evidence. The sole question for determination in such case is whether the defendant has committed the particular offense charged. Obviously the question whether he also has committed some offense other than the one with which he is then charged is not a proper matter of inquiry.

The state, however, may bring forth any evidence having a logical and legal tendency to establish any fact in issue in such action, that is, the state may introduce any relevant, legal evidence tending to show that the defendant is guilty of the particular crime charged; and this evidence does not become inadmissible because it also shows or tends to show that the defendant is guilty of another and distinct offense. Thus, where "several crimes are intermixed or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme." Underhill, Crim. Ev. 3d ed. § 152. And where in a criminal case some material fact, such as intent or motive is involved, the state may offer evidence tending to establish such fact, and such evidence if otherwise admissible is not rendered inadmissible because in addition to tending to prove the particular fact in the case on trial it also tends to show that the defendant has committed some other offense.

348

In short, evidence which is otherwise legally competent and relevant does not become inadmissible because in addition to its tendency to prove the defendant guilty of the particular crime for which he is being tried, it also shows or tends to show that he has committed some other offense. For "evidence which is relevant is not made inadmissible by reason of the fact that it tends to prove the defendant guilty of a crime other than the one for which he is being tried." Cothron v. State, 138 Md. 101, 109, 113 Atl. 620, 624. See also State v. Gummer, 51 N. D. 445, 478, 200 N. W. 20; State v. Heaton, 56 N. D. 357, 217 N. W. 531. But "such evidence is not admitted because it is proof of the other crime, but because of its relevancy to the charge upon trial." Cothron v. State, 138 Md. 101, 109, 113 Atl. 620, 624; State v. Gummer, 51 N. D. 445, 478, 200 N. W. 20, and State v. Heaton, 56 N. D. 357, 217 N. W. 531, supra; Wentz v. State, 159 Md. 161, 150 Atl. 278.

We are entirely at a loss to see any legal basis in this case for the admission of the evidence relating to the alleged other offenses. The real purpose for the introduction thereof seems to have been that stated by the prosecuting attorney, namely, to show "the general licentious character of the defendant;" and it is settled beyond question that the state may not adduce evidence of other crimes for this purpose. 1 Wigmore, Ev. 2d ed. § 194, § 402 (2) (c); State v. Gummer, 51 N. D. 445, 482, 200 N. W. 20.

"In a criminal case, the prosecution may not introduce evidence tending to prove that the defendant was morally deficient; that he possessed a criminal disposition generally or that he was particularly disposed to commit the offense with which he is charged, and, to this end, it may not introduce evidence of the defendant's participation in other acts which are criminal or which involve moral turpitude; but it may, nevertheless, prove all the circumstances attending the commission of the crime in question, and if, in so doing, it is necessary to show an immoral course of conduct pursued by the defendant, the facts going to establish that conduct are admissible regardless of their prejudicial character." (State v. Gummer, supra, syllabus 7.)

"(1) It is not permitted to the prosecution to attack the character of the prisoner, unless he first puts that in issue by offering evidence of his good character. (2) It is not permitted to show the defendant's

bad character by showing particular acts. (3) It is not permitted to show in the prisoner a tendency or disposition to commit the crime with which he is charged. (4) It is not permitted to give in evidence other crimes of the prisoner, unless they are so connected by circumstances with the particular crime in issue as that the proof of one fact with the circumstances has some bearing upon the issue on trial other than such as is expressed in the foregoing three propositions." (State v. Gummer, 51 N. D. 445, 482, 200 N. W. 20.)

The testimony of the three boys is to the effect that no one was present at the time when the defendant committed the alleged acts upon each boy. The several alleged acts were separate and distinct. They were in no sense intermixed or blended one with the other, or connected so as to form parts of the same criminal transaction. The acts committed upon one boy were in no sense part of the res gestæ as regards the criminal conduct towards another. There is no question as to the identity of the person who committed the crime charged in this case. If the crime was committed, it was committed by the defendant, and no one else. There is no question as to motive or intent; there is no claim and no basis for a claim that the particular criminal acts alleged to have been committed in this case might have been accidental or innocent. As was said by the supreme court of the state of Michigan in a case involving a somewhat similar charge:

"The question of defendant's 'motive, intent, the absence of, mistake or accident on his part' is clearly not involved in the charge as laid. Neither do we think that it can be said that in the commission of the crime charged he was acting in conformity with any 'scheme' or 'plan' theretofore formulated by him, or that proofs of similar acts with others in any way tend to inform the court or jury as to his 'system' in doing the act complained of." People v. Dean, 253 Mich. 434, 235 N. W. 211, 212. See, also, State v. Start, 65 Or. 178, 46 L.R.A. (N.S.) 266, 132 Pac. 512; State v. Weaver, 182 Iowa, 921, 166 N. W. 379; State v. Hazlet, 16 N. D. 426, 113 N. W. 374; State v. Stepp, 45 N. D. 576, 178 N. W. 951; Abaly v. State, 163 Wis. 609, 158 N. W. 308.

In the brief, and upon the oral argument, counsel for the state laid great stress on the decision of the supreme court of Nebraska in Abbott v. State, 113 Neb. 517, 204 N. W. 74, where, in a prosecution for

sodomy, evidence was admitted of former offenses or attempted offenses of a like nature upon other persons. But that decision, in so far as it relates to the question under consideration here, can no longer be considered an authority, for the Nebraska court, upon rehearing, withdrew the portions of the opinion upon which the state relies and held evidence of other offenses to be inadmissible. Abbott v. State, 113 Neb. 525, 206 N. W. 153.

We are agreed that the trial court erred in admitting the evidence relating to the alleged criminal acts upon the two other boys. Obviously, such error was prejudicial to the substantial rights of the defendant, State v. Hazlet, 16 N. D. 426, 113 N. W. 374, supra, for this is not a case where the defendant in effect admitted guilt or where his guilt was established beyond all possible doubt by other competent evidence so that it might be said that he could not have been prejudiced by the admission of the incompetent evidence. The defendant's guilt or innocence in this case is dependent upon whether the complaining witness, George Smith, told the truth or whether the defendant told the truth. If George Smith told the truth, the defendant is guilty. If the defendant told the truth he is not guilty of the offense charged.

Under our laws every person accused of crime is entitled to a fair trial in accordance with the principles embodied in the Constitution and the laws of this state. "The test is not whether certain legal formulas have been literally complied with, but whether anything has been done or left undone which prejudices the substantial rights of the accused. If a substantial right has been prejudiced a new trial should be had. If not, it is equally the duty of an appellate court to affirm a conviction." State v. Webb, 36 N. D. 235, 162 N. W. 358. In this case something was done which prejudiced the substantial rights of the defendant and deprived him of that fair trial to which he is entitled under the laws of the state. Hence, the judgment of conviction and the order denying a new trial must be reversed and the cause remanded for a new trial. It is so ordered.

BIRDZELL, BURKE and NUESSLE, JJ., concur.

BURR, J. I dissent. That the boy involved consulted the defendant as a physician, and received some treatment or advice is beyond ques-

tion. The boy detailed what took place, in accordance with the theory of the state. The defendant denied that he treated the boy the way alleged, for the condition that brought about the consultation, saying he counselled and advised, merely. These other boys say they consulted the defendant about the same time, for the same purpose. According to their testimony they received the same "treatment." True, all are separate instances and the stories are denied; but, if truly detailed, they show defendant's method, intent and purpose.