**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Daniel FERGUSON, Defendant and Appellant.**

**Crim. No. 1144.**

Supreme Court of North Dakota.

July 16, 1986.

Tom Henning, Asst. State's Atty., Dickinson, for plaintiff and appellee.

Thomas J. Gunderson, Dickinson, for defendant and appellant.

GIERKE, Justice.

Daniel Ferguson appeals from his conviction of terrorizing, a class C felony in violation of Section 12.1–17–04, N.D.C.C. We reverse and remand for a new trial.

During April 1985, an elderly lady named Hazel Russell received numerous harassing telephone calls at her home involving threatening sexually-oriented comments. On May 1, 1985, Hazel received another such call during which the male voice stated, "I'm going to come over there; I'm going to fuck you; I'm going to throw you on the floor and really going to hurt you." Hazel testified at trial that the same male voice made all of the harassing phone calls.

When Hazel began receiving these phone calls she notified the Dickinson Police Department, and subsequent phone calls to her home were traced as to the time and location of their origin. Most of the harassing phone calls originated from premises leased by defendant Ferguson. One originated from the residence of Ferguson's former girlfriend, who was able to

place Ferguson at the residence at the approximate time Hazel received that phone call. A police investigation led to Ferguson's arrest for terrorizing, with the information specifically charging that Ferguson had made the May 1, 1985 telephone call.

A jury trial was held, and the jury returned a guilty verdict. On appeal from his judgment of conviction, Ferguson raises the following issues:

(1) Whether the trial court erred in allowing the prosecution to introduce evidence of Ferguson's prior conviction of gross sexual imposition;

(2) Whether the trial court erred in allowing the prosecution to introduce evidence of the threatening phone calls received by Hazel prior to the May 1, 1985 call;

(3) Whether the trial court erred in refusing to give Ferguson's requested jury instruction on eyewitness identification; and

(4) Whether the trial court erred in admitting as evidence Hazel's identification of Ferguson's voice based upon tape recordings where the identification process occurred after Ferguson's arrest without the presence of Ferguson's counsel.

During a pretrial conference, Ferguson's counsel made a motion in limine to prohibit the prosecution from introducing a prior conviction of Ferguson on a charge of gross sexual imposition. The trial court denied the motion, and the prior conviction was subsequently admitted into evidence as part of the prosecution's case in chief. Defendant Ferguson did not testify at the trial. Ferguson asserts that the trial court erred in admitting this evidence because it is highly prejudicial character evidence which is inadmissible under Rule 404(b), N.D.R.Ev.:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowl-

edge, identity, or absence of mistake or accident."

Rule 404(b), N.D.R.Ev., is a rule which, through its enactment, recognized the well-settled law of this State that a prior conviction cannot be received into evidence unless it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime charged because he is a man of criminal character. *State v. Forsland*, 326 N.W.2d 688 (N.D.1982); *State v. Stevens*, 238 N.W.2d 251 (N.D.1975). Although a prior conviction may be admissible for purposes other than showing a defendant's criminal character such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, such evidence should not be received when its probative value is outweighed by the danger of unfair prejudice. *Stevens, supra.*

When the trial court asked the prosecuting attorney at the pretrial conference why he should be allowed to introduce the prior conviction in his case in chief, he responded in relevant part, "I think its indication of character trait that is extremely pertinent to the case." Later in the conference, following the court's explanation of Rule 404(b), N.D.R.Ev., the prosecuting attorney stated that the prior conviction should be admitted to show all of the appropriate purposes for which such evidence can be admitted under the rule. However, he did not attempt to demonstrate for which particular purposes the evidence would be relevant to the case or in what manner the prior conviction evidence would tend to prove any matter at issue in the case other than to show Ferguson's criminal character. Although the trial court ultimately allowed admission of the prior conviction it did so with great reservation, as demonstrated by this statement of the court during the pretrial conference:

"... I agree that this kind of evidence seems terribly unfair to the Defendant and in recognizing it's potential effect. I feel I don't have any—I would rather

keep the evidence out because it doesn't really seem to do a lot to prove whether or not the Defendant committed the act of which he is now accused. But the rules of evidence seem to allow it in this kind of case so I'm compelled against my own feelings on the question to allow the evidence."

The admission of Ferguson's prior conviction in this case is similar to the admission of prior crime evidence in *State v. Forsland*, 326 N.W.2d 688 (N.D.1982), which this Court held to be reversible error. In *Forsland, supra*, the defendant was charged with sexual assault and indecent exposure. During the trial, the defendant's arrest and guilty plea to committing the prior offense of indecent exposure at the same location was admitted into evidence. Justice Sand, writing for the majority, concluded that the prior conviction evidence was not admissible and that the prejudicial effect the evidence may have had left no alternative but to reverse the defendant's conviction.

We believe that in this case, as in *Forsland, supra*, there was no appropriate purpose for which the prior conviction evidence could serve as proof; rather, its only effect was to demonstrate criminal character or propensity. There was no showing by the prosecution that such evidence was relevant as proof of any matter at issue, other than to demonstrate the defendant's criminal character from which the jury might conclude that he acted in conformity therewith in committing the crime charged. That is precisely the reason for which Rule 404(b), N.D.R.Ev., makes such evidence inadmissible. We conclude, therefore, that the trial court abused its discretion in admitting the prior conviction evidence and that the possible prejudice resulting from admission of this highly prejudicial evidence necessitates a reversal of the conviction and a remand for a new trial.

The remaining issues raised by Ferguson on appeal involve matters which may arise during the new trial proceedings, and it is therefore necessary to discuss them.

■ Ferguson asserts that the trial court erred in admitting evidence of the harassing phone calls received by Hazel prior to the May 1, 1985 call which is the incident for which Ferguson was arrested and charged in this case. Ferguson asserts that the prior calls evidence constituted prior acts evidence inadmissible under Rule 404(b), N.D.R.Ev. We disagree with Ferguson's characterization of this evidence as inadmissible character evidence of other wrongs or acts of the defendant. The evidence was that Hazel received numerous harassing phone calls about which she testified, "every one of 'em was the same voice." That evidence is relevant as to the extent of Hazel's opportunity to hear the caller's voice and to make a subsequent valid identification of the voice. The evidence of the prior phone calls also included Detective Martin's testimony that the calls had been traced as to time and location. Other testimony was introduced showing defendant Ferguson's whereabouts and opportunity to place each of the calls at the time and from the location they were made. Such evidence, together with Hazel's testimony that all of the harassing phone calls were made by the same voice, constitutes valid circumstantial evidence that defendant Ferguson was the person who, on May 1, 1985, committed the crime charged. We conclude, therefore, that the prior phone call evidence constituted evidence relevant to proving the elements of the crime charged, rather than character evidence, and that the trial court did not err in admitting such evidence.

■ Ferguson asserts that the trial court erred in refusing to give his requested instruction relating to Hazel's voice identification of Ferguson. The trial court determined that in its other instructions it had substantively given the defendant's instruction and therefore refused to give the jury a verbatim rendition of it.

Ferguson's requested instruction is patterned after the model jury instruction set forth by the D.C. Circuit Court of Appeals in *United States v. Telfaire*, 152 U.S.App. D.C. 146, 469 F.2d 552, 558 (1972). In

*Telfaire, supra,* the Court highlighted the need for a special instruction on the issue of eyewitness identification to insure that the minds of the jury are plainly focused on the need for finding that identification of the defendant as the perpetrator of the crime has been proven beyond a reasonable doubt. The Eighth Circuit Court of Appeals in *United States v. Greene,* 591 F.2d 471 (8th Cir.1979), recognizing that identification testimony presents special problems of reliability because the in-court testimony of an eyewitness can be devastatingly persuasive, concluded that it is essential the jury be aware of the conditions under which the eyewitness' observation was made, the physical ability of the witness to observe the defendant and any possible problems which could distort the witness' observation. While not mandating that the *Telfaire, supra,* instruction be given in all eyewitness cases, the Eighth Circuit in *Greene, supra,* reversed the conviction because the trial court had failed to provide an eyewitness instruction to the jury. Subsequent cases in the federal appellate courts have held that the failure to give a *Telfaire, supra,* type instruction does not necessarily constitute reversible error where there is independent evidence, other than the eyewitness identification testimony, which is corroborative of the defendant's guilt. *United States v. Cain,* 616 F.2d 1056 (8th Cir.1980); *United States v. Revels,* 575 F.2d 74 (4th Cir.1978); *United States v. Kavanagh,* 572 F.2d 9 (1st Cir. 1978).

As it relates to this issue, the trial court instructed the jury in relevant part as follows:

"You are the judges of all questions of fact in this case. You alone must weigh the evidence under these instructions and determine the credibility of those who have testified. As to these matters the Court expresses no opinion.

"In performing this task you may consider those facts and circumstances in the case which tend to strengthen, weaken or contradict one's testimony. You may consider the age, intelligence and experience of the witness, the strength or weakness of his recollection, how he came to know the facts to which he testified, his possible interest in the outcome of the trial, any bias (leaning) or prejudice he may have, his manner and appearance, whether he was frank or evasive while testifying, and whether his testimony is reasonable or unreasonable.

\*      \*      \*      \*      \*      \*

"The burden of proof resting upon the State of North Dakota as Plaintiff in this case to prove the crime of terrorizing is satisfied only if the evidence shows, beyond a reasonable doubt, each of the following elements of the offense charged:

\*      \*      \*      \*      \*      \*

"3. That Daniel Ferguson has been sufficiently identified to satisfy you by proof beyond a reasonable doubt that he was the person who placed the telephone calls on or about May 1, 1985, to Hazel Russell; ..." [1]

Under the circumstances of this case, we believe that the foregoing jury instructions were sufficient to make the jury aware of the importance of identification testimony and the need to find the identification testimony convincing beyond a reasonable doubt in order to convict the defendant. It is well settled that if the instructions to the jury, when considered in their entirety, correctly advise the jury as to the applicable law, there is no error even though the trial court refused to submit a requested instruction which itself was a correct statement of the law. *E.g., State v. Nordquist,* 309 N.W.2d 109 (N.D.1981). We conclude that the trial court's instructions to the jury constituted an accurate and correct statement of the law which, under the cir-

---

1. Although there was no objection by defense counsel on this language, we note that Ferguson was only charged with having placed one telephone call on May 1, 1985, not "telephone calls on or about May 1, 1985" as the instructions now state. On retrial, this jury instruction should be made to more accurately reflect the charge.

cumstances of this case, constituted an adequate equivalent to the *Telfaire, supra,* instruction requested by Ferguson. Accordingly, we conclude that the trial court did not err in refusing to give Ferguson's instruction.

■ Ferguson asserts that the trial court erred in admitting Hazel's identification testimony based upon her listening to voice tapes where Ferguson's counsel was not notified or present during the identification process. Ferguson asserts that because his attorney was not present at the identification process he was denied his Sixth Amendment right to counsel.

In *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the United States Supreme Court held that, absent an intelligent waiver, the Sixth Amendment right to the assistance of counsel entitles an accused to have his counsel present at a post-indictment line-up identification. However, in *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973), the Court held that the Sixth Amendment right to counsel does not give an accused a right to have counsel present at a post-indictment photographic display identification. Justice Blackmun, writing for the majority in *Ash, supra,* distinguished photographic display identification from the line-up identification in *Wade, supra,* as not involving a personal trial-like confrontation with the accused which would require the assistance of counsel to preserve the adversary process. Because the accused is not present during the photographic display identification process, there is no confrontation and therefore no Sixth Amendment right to have counsel present. Following the *Ash, supra,* analysis other courts have held that there is no right to counsel at pretrial voice identification procedures. *United States v. Kim,* 577 F.2d 473 (9th Cir.1978); *United States v. Infelice,* 506 F.2d 1358 (7th Cir.1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 778, 42 L.Ed.2d 802, *reh'g denied,* 420 U.S. 956, 95 S.Ct. 1342, 43 L.Ed.2d 433 (1975). *See also United States v. Dupree,* 553 F.2d 1189 (8th Cir.1977), *cert. denied,* 434 U.S. 986, 98 S.Ct. 613, 54 L.Ed.2d 480 (1977); *McMil-*

*lian v. State,* 83 Wis.2d 239, 265 N.W.2d 553 (1978).

In holding that there is no Sixth Amendment right to have counsel present at a pretrial witness identification of voice recordings, the Ninth Circuit Court of Appeals, in *Kim, supra,* at 480–481, stated in relevant part:

"The appellants contend that such an identification is a critical stage to which the pretrial lineup requirements of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), would apply.

"We disagree. Pretrial identifications by Government witnesses of voices obtained through lawful electronic surveillance are not, for Sixth Amendment purposes, critical stages of the criminal proceeding in which the witnesses are to eventually testify.... In *Ash,* the Supreme Court characterized the events to which the Sixth Amendment counsel guarantee attached as those in which 'the accused require[s] aid in coping with legal problems or assistance in meeting his adversary.' ... [The Appellants] have not advanced, nor can we decipher, any constitutionally significant difference between post-indictment identifications based on recorded images and those based on recorded sounds." [Citations omitted.]

In accordance with the foregoing case authorities, we hold that Ferguson's Sixth Amendment right to counsel under the Federal Constitution was not violated when the voice identification procedure was conducted in the absence of his counsel. We conclude, therefore, that the trial court did not err in admitting Hazel's identification testimony at the trial.

In accordance with this opinion, the judgment of conviction is reversed, and the case is remanded for a new trial.

ERICKSTAD, C.J., and MESCHKE and LEVINE, JJ., concur.

VANDE WALLE, Justice, concurring in the result.

I concur in the result reached by the majority opinion but I do not agree that

this case is controlled by *State v. Forsland*, 326 N.W.2d 688 (N.D.1982). In *Forsland* we stated, at page 693:

"Taking into account the fact that the complaining witness at the trial could not, or rather did not, identify the defendant but identified two other persons who allegedly assaulted her, and in applying Rule 404(b) and the rule in *Stevens* [238 N.W.2d 251 (N.D.1975)], as reaffirmed in *Phelps* [297 N.W.2d 769 (N.D.1980)], we conclude that the evidence pertaining to the admission of the defendant's prior plea of guilty on a similar offense could not be used in determining whether or not the defendant was guilty or innocent of the crime charged."

In this instance there was no wrong identification of the defendant by Russell; rather, as the majority opinion notes, she testified "every one of 'em was the same voice" and that the voice was Ferguson's.

*Forsland* did not hold, as a matter of law, that there was no appropriate purpose for which the prior conviction evidence could serve as proof and that its only effect was to demonstrate criminal character or propensity. Rather, it was the use of the previous conviction under the particular facts of that case where the complaining witness could not identify the defendant, which the *Forsland* court found could not be used in determining whether or not the defendant was guilty or innocent of the crime charged.

It is clear that the evidence of the previous conviction may be admissible for such purpose as proof of preparation and plan. Rule 404(b), N.D.R.Ev. The quotation in the majority opinion from the statement of the trial court reflects that the trial judge was aware the evidence was admissible for such purpose. However, the fact it was admissible does not mean it must be admitted. The trial judge may exclude evidence which he believes to be unduly prejudicial. See Rule 403, N.D.R.Ev. Rule 403 vests wide discretion in the trial court to control the introduction of evidence. See Explan-

atory Note to Rule 403. However, the statement of the trial judge as recited in the majority opinion leads me to the conclusion that the wide discretion vested in the trial judge by Rule 403 was not exercised in this instance.

Although the transcript of the pre-trial conference at which the motion in limine was considered reflects that prejudice to the defendant was considered, the statement appears to indicate the trial judge believed he had no choice in determining whether or not to admit the evidence. However, because the trial judge deemed the evidence "terribly unfair" and further indicated that "it does not really seem to do a lot to prove whether or not the Defendant committed the act," I believe the trial judge should have excluded the evidence under Rule 403, N.D.R.Ev. I therefore concur in the result reached by the majority opinion.