**UNITED STATES of America, Appellee,**

v.

**Darryl Keith JOHNSON, Appellant.**

**No. 87–1931.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1988.

Decided June 7, 1988.

---

**905**

WOLLMAN, Circuit Judge.

A jury convicted Darryl Keith Johnson of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. App. § 1202(a)(1) (1986).[1] The district court[2] sentenced Johnson to two years' imprisonment. On appeal, Johnson argues that the district court erred in refusing to give the jury special instructions on drug use by a witness and on eyewitness identification and also erred in permitting the government to impeach a defense witness's credibility. We affirm.

In the early morning hours of August 10, 1985, Johnson came to the apartment of Deborah Rhodes in St. Louis, Missouri, argued with her, drew a handgun, and threatened her. Two St. Louis police officers arrived shortly thereafter, arrested Johnson, and recovered a handgun from the lawn in front of Ms. Rhodes's apartment. At trial, Ms. Rhodes testified that Johnson had thrown his gun on the grass when the police appeared. One of the arresting officers, Officer Moehlenhoff, testified that as he approached the scene he observed Johnson place on the ground an object that later proved to be a handgun.

At the instruction conference, Johnson proffered two instructions. One required the jury to examine Ms. Rhodes's testimony with heightened scrutiny because of her admitted drug use, and the other concerned Officer Moehlenhoff's eyewitness identification of Johnson. The district court refused both, giving instead a general witness credibility instruction.

██ Although Ms. Rhodes is an admitted drug user, she denied having used drugs on the day of the crime, and no evidence to the contrary was adduced. Nevertheless, Johnson submitted an instruction calling for the jury to give special scrutiny to the testimony of a witness whose observations were made while under the influence of drugs. The district court rejected this instruction as unwarranted by the facts.

James C. Delworth, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Daniel E. Meuleman, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and ROSS, Senior Circuit Judge.

---

1. Repealed by Act of May 19, 1986, Pub.L. No. 99–308, § 104(b), 100 Stat. 459 (1986), effective 180 days after May 19, 1986 (Nov. 17, 1986). Federal firearm violations are now codified at 18 U.S.C. §§ 921 et seq. (1987).

2. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

Johnson relies on *United States v. Hoppe,* 645 F.2d 630 (8th Cir.), *cert. denied,* 454 U.S. 849, 102 S.Ct. 170, 70 L.Ed. 2d 138 (1981), to support his contention that the district court erred in refusing to instruct the jury on Ms. Rhodes's drug use. *Hoppe* sets forth a four-part test for determining whether a special jury instruction on the credibility of addict-informants is necessary. *Id.* at 633. Because Ms. Rhodes was not an informant, the *Hoppe* test is not strictly applicable. *See United States v. Rodgers,* 755 F.2d 533, 549 (7th Cir.), *cert. denied,* 473 U.S. 907, 105 S.Ct. 3532, 87 L.Ed.2d 656 (1985); *United States v. Rosa,* 705 F.2d 1375, 1381–82 (1st Cir. 1983). Even were we to apply the remaining relevant factors of a *Hoppe*-type test, as some courts have done, *see United States v. Williams,* 809 F.2d 75, 87–88 (1st Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 2484, 96 L.Ed.2d 377 (1987); *United States v. Ochoa–Sanchez,* 676 F.2d 1283, 1289 (9th Cir.), *cert. denied,* 459 U.S. 911, 103 S.Ct. 219, 74 L.Ed.2d 174 (1982), we could not agree with Johnson that the district court committed error. The following factors weigh against giving a special instruction: the extent of Ms. Rhodes's addiction, especially at the time of trial, *see United States v. Shigemura* 682 F.2d 699, 702 (8th Cir.1982), *cert. denied,* 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983), was not definitively established; Johnson had an opportunity to, and did, cross-examine Ms. Rhodes on her drug use; and some of Ms. Rhodes's testimony, particularly the critical testimony that Johnson placed an object on the ground as the police approached, was corroborated. *See Hoppe,* 645 F.2d at 633.

Similarly, Johnson failed to establish the need for a special instruction concerning the circumstances surrounding Officer Moehlenhoff's testimony. Officer Moehlenhoff observed Johnson from a distance of twenty feet, retrieved the handgun, and immediately arrested Johnson, apparently without ever losing sight of him. Nothing suggests that the officer's testimony was unreliable. The district court's general witness credibility instruction was thus sufficient. *See United States v.*

*Cain,* 616 F.2d 1056, 1058 (8th Cir.1980) (special instruction may be required when crucial eyewitness testimony is "questionable").

The sole defense witness, Mark Patrick, testified that the gun was his. On cross-examination, the government questioned Patrick about the shotgun, ammunition, drugs, and drug paraphernalia found in his car at the time of Johnson's arrest. Johnson claims that this evidence should not have been admitted under Fed.R.Evid. 404(b). However, Patrick was a witness only and not a defendant. In such circumstances, Rule 404 provides that Rules 608 and 609 govern the impeachment of a witness's credibility. *See* Fed.R.Evid. 404(a)(3). Although extrinsic evidence is generally not admissible to prove specific conduct of a witness in order to attack his credibility, *see* Fed.R.Evid. 608; *United States v. Randle,* 815 F.2d 505, 507–08 (8th Cir.1987), the district court may, at its discretion, permit cross-examination on credibility, and we find any error that may have occurred harmless in light of the strong evidence against Johnson. *See* Fed.R.Civ. P. 61.

Affirmed.