PEOPLE v. DEAN.

1. CRIMINAL LAW—TESTIMONY AS TO OTHER OFFENSES WITH OTHER PERSONS.

Generally, prosecution may not prove commission of another and distinct offense against another party, though of same kind with that charged, for purpose of rendering it more probable in minds of jury that defendant committed offense charged, unless it is admissible under criminal code (3 Comp. Laws 1929, § 17320).

2. SAME—CRIMINAL CODE.

In prosecution for committing act of gross indecency with boy in violation of 3 Comp. Laws 1929, § 16851, defendant's "motive, intent, the absence of, mistake or accident on his part" was not involved, nor may it be said that in committing said offense he was acting in conformity with any "scheme" or "plan" theretofore formulated by him, and therefore testimony of other similar offenses committed with other persons previous to commission of offense charged was not admissible under criminal code (3 Comp. Laws 1929, § 17320).

3. SAME—ACTS OF GROSS INDECENCY—TESTIMONY AS TO OTHER OFFENSES.

In prosecution for committing act of gross indecency with boy in violation of 3 Comp. Laws 1929, § 16851, admission of testimony of other similar offenses committed with other boys previous to commission of offense charged was reversible error.

Error to St. Joseph; Brown (William B.), J., presiding. Submitted January 15, 1931. (Docket No. 153, Calendar No. 35,299.) Decided February 27, 1931.

Dr. Ray E. Dean was convicted of committing an act of gross indecency with a boy. Reversed, and new trial granted.

*George H. Arnold, Edward H. Andrews,* and *Harry C. Howard,* for appellant.

*Paul W. Voorhies,* Attorney General, *M. M. Larmonth,* Assistant Attorney General, and *Lawrence W. Neindorf,* Prosecuting Attorney, for the people.

SHARPE, J.  The information in this case charged the defendant with the commission of an act of gross indecency with one Charles Wells, a boy 17 years of age, in violation of section 15511, 3 Comp. Laws 1915 (3 Comp. Laws 1929, § 16851).  He reviews his conviction thereof by writ of error.

The prosecution was permitted to prove the commission of similar acts by the defendant with several other boys at times before the charge herein was laid.  This evidence was received over objection, and error is assigned thereon.

In *People* v. *Swift,* 172 Mich. 473, it was held that in such cases testimony of previous acts of misconduct between the same parties similar to the one relied on for conviction was admissible, under the authority of the early case of *People* v. *Jenness,* 5 Mich. 305, 324.  But the same Justice who wrote the opinion in the *Jenness Case* (CHRISTIANCY) in *People* v. *Schweitzer,* 23 Mich. 301, 304, said:

"The general rule is well settled that the prosecution are not allowed to prove the commission of another and distinct offense, though of the same kind with that charged, for the purpose of rendering it more probable in the minds of the jury that he committed the offense for which he is on trial; and this would be the natural and inevitable effect upon the minds of the jury, of the admission of such evidence, on whatever ground or pretense it might be admitted; and the defendant would thus be prejudiced on the trial of the offense charged, by proof which he

has no reason to anticipate, of an offense for which he is not on trial, and to which, when properly called upon to defend, he may have a perfect defense."

The rule thus stated has been consistently adhered to by this court. Our last expression relating thereto will be found in *People* v. *Cowles,* 246 Mich. 429.

But, in the opinion of the trial court, this testimony was rendered admissible by the provision in our criminal code (Act No. 175, Pub. Acts 1927, chap. 8, § 27, 3 Comp. Laws 1929, § 17320), which reads as follows:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

Counsel for the prosecution urge that in placing a construction upon the language of this section we should consider the law as it existed prior thereto; the evident purpose of the legislature and the mischief sought to be remedied. *Michigan Dairy Co.* v. *Runnels,* 96 Mich. 109; *Laing* v. *Township of Forest,* 139 Mich. 159.

The question of defendant's "motive, intent, the absence of, mistake or accident on his part" is clearly not involved in the charge as laid. Neither do we think that it can be said that in the commission of the crime charged he was acting in conformity with any "scheme" or "plan" theretofore formulated by him, or that proofs of similar acts

with others in any way tend to inform the court or jury as to his "system" in doing the act complained of.

An exception to the general rule excluding such testimony is noted by Mr. Wigmore in volume 1 of his work on Evidence (2d Ed.), § 302:

"Thus, if A while hunting with B hears the bullet from B's gun whistling past his head, he is willing to accept B's bad aim or B's accidental tripping as a conceivable explanation; but if shortly afterwards the same thing happens again, and if on the third occasion A receives B's bullet in his body, the immediate inference (*i. e.* as a probability, perhaps not a certainty) is that B shot at A deliberately; because the chances of an inadvertent shooting on three successive similar occasions are extremely small; or (to put it in another way) because inadvertence or accident is only an abnormal or occasional explanation for the discharge of a gun at a given object, and therefore the recurrence of a similar result (*i. e.* discharge towards the same object, A) excludes the fair possibility of such an abnormal cause and points out the cause as probably a more natural and usual one, *i. e.* a deliberate discharge at A."

In *People* v. *Luce,* 210 Mich. 621, it was held (syllabus):

"Where defendant denied committing the offense with complaining witness 'or anybody else,' it was permissible to cross-examine him thereon, but on his denial of the commission of a like offense with a certain other child it was error to permit the other child to testify to its commission, although the jury were instructed to consider it only as bearing on his credibility."

An enlightening discussion of the question here presented appears in 29 Michigan Law Review, p. 473 *et seq.* The cases in the footnotes appended thereto

may be read with profit. In one of them (*Wentz* v. *State* [Md.], 150 Atl. 278), the accused was charged with the crime of incest (cohabiting with his own daughter), and it was held that the admission of testimony of a similar act with another daughter was reversible error.

The only apparent reasoning on which this testimony can be said to be relevant is that it tends to establish a disposition on the part of the defendant to commit such an act. If admissible for that purpose, other larcenies might be proven in a case where a man was charged with that offense, and other assaults, bigamies, rapes, etc., in like cases.

That the defendant committed similar offenses with other boys has no direct tendency to show that he committed that with which he is charged, which had no connection with them. By the admission of such testimony, he is, in effect, called upon to defend against charges, without notice that he would be required to meet them. Where the charge involves conduct with the same person, as in the *Swift Case,* he may, on the preliminary examination, elicit the fact that such testimony will be relied upon by the prosecution and be prepared to meet it as best he may.

The only purpose of submitting such proof in this case was to render it more probable in the minds of the jury that the defendant committed the offense with which he is charged, and on reason as well as authority it was not admissible for that purpose.

The judgment is reversed and set aside and a new trial granted. The defendant, if imprisoned, will be remanded to the custody of the sheriff to await such trial.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.