PEOPLE v DAVIS

1. Criminal Law—Evidence—Admissibility—Similar Offenses.

Evidence was properly admitted to show a subsequent armed robbery and assault with intent to commit gross indecency identical with the one for which the defendant was being tried, to show a scheme or plan involving the accused, where careful and proper cautionary instructions were given the jury before the testimony was given, and also before the cause was submitted to the jury (MCLA 768.27).

2. Criminal Law—Sentences—Indeterminate Sentence Act—Minimum Sentence.

A prison sentence of from 8 to 10 years, which violated the indeterminate sentence statute because the minimum exceeded two-thirds of the maximum, is corrected to 6-2/3 to 10 years (MCLA 769.8).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 February 15, 1973, at Detroit. (Docket No. 14579.) Decided March 29, 1973.

Clarence B. Davis was convicted of armed robbery and assault with intent to commit gross indecency. Defendant appeals. Affirmed, and sentence corrected.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence § 324.
[2] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant.

Before: LESINSKI, C. J., and R. B. BURNS and V. J. BRENNAN, JJ.

LESINSKI, C. J. Defendant appeals by right his conviction in a jury trial of armed robbery, MCLA 750.529; MSA 28.797, and assault with intent to commit gross indecency, MCLA 750.85; MSA 28.280.

On July 5, 1971 at about 2 a.m., the defendant allegedly forced two women between houses on Rochester Street in the City of Detroit at gunpoint. There he robbed each of them of a small amount of cash. He then performed an oral sex act on each of them. When a nearby door opened the accused ran away. Police were summoned immediately but the defendant escaped.

On the following morning another woman was similarly assaulted nearby. Several days later this young woman recognized her assailant as the defendant while he was at work in a supermarket. The defendant was arrested. He was charged in both cases and the victims of both crimes positively identified him as the perpetrator.

At trial the victim of the second assault was permitted to testify as to events which occurred on the morning of July 6, 1971 and subsequently. Counsel raised strenuous objection. The trial court fairly instructed the jury, before the second victim testified, that the testimony was limited to show only scheme or plan or design pursuant to the

"similar acts statute". MCLA 768.27; MSA 28.1050.[1]

The statute referred to is one of two exceptions to the general rule that in a criminal trial evidence of other, distinct offenses is not admissible.

The Michigan Supreme Court has held that the similar acts statute is not applicable in prosecutions for sodomy or gross indecency because in these cases the issue of motive, intent, mistake or the presence of a scheme or plan is not involved. *People v Dean,* 253 Mich 434 (1931); *People v Riddle,* 322 Mich 199 (1948); *People v Mooney,* 363 Mich 454 (1961). Our Court has handled the same issue, resolving it in the same manner. See *People v Askar,* 8 Mich App 95 (1967); *People v Guzanich,* 13 Mich App 634 (1968); *People v Heiss,* 30 Mich App 126 (1971).

But there is also a second exception to the general rule that evidence of separate, distinct offenses is not admissible. This exception does allow in evidence of prior sex offenses identical with the one charged *between the defendant and the person with whom he is alleged to have committed the act for which he is being tried.* See *People v Swift,* 172 Mich 473 (1912); *People v Donald D Williams,* 2 Mich App 91 (1965).[2]

---

[1] MCLA 768.27; MSA 28.1050:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

[2] An excellent annotation, *Admissibility in Prosecution for Sexual Offense of Evidence of Other Similar Offenses,* may be found at 77 ALR2d 841.

Subsequent to the line of cases following *Dean,* the Michigan Supreme Court heard and decided the case of *People v Kelly,* 386 Mich 330 (1971). The Court there held that where a defendant was charged with counts of armed robbery and rape, evidence of a subsequent armed robbery and rape with strikingly similar surrounding circumstances was admissible to show a scheme or plan involving the accused. MCLA 768.27; MSA 28.1050, *supra.*

The holding in *Kelly, supra,* does not broaden the rule in cases where only a sex crime is charged. Those cases which follow *Dean* and *Swift* have *not* been overruled. It is a wise and salutory rule which keeps out inflamatory evidence having no bearing on the case before the court, where the only purpose for submitting such proof is to render it more probable in the minds of the jurors that the accused committed the offense charged.

In the case before us we perceive no factual or legal difference from *Kelly.* Our case involves a charge of robbery armed and alleged sex crimes in connection with it. We find no error was committed in allowing evidence of the subsequent event under the circumstances of this case. Careful and proper cautionary instructions were given the jury before the testimony was given and also before the cause was submitted to the jury.

Defendant on appeal also challenges the sufficiency of the evidence presented at trial to justify the jury finding defendant guilty beyond a reasonable doubt of armed robbery and assault with intent to commit gross indecency. We find sufficient evidence presented in the record which, if believed by the jury, supports the finding of guilty beyond a reasonable doubt on all necessary elements to prove the crimes charged.

Defendant in a supplemental brief contends that

his sentence of 8 to 10 years on the charge of assault with intent to commit gross indecency violates the indeterminate sentence statute. In *People v Tanner,* 387 Mich 683, 690 (1972), the Court held:

"[A]ny sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act."

Within the dictates of *Tanner,* we order that defendant's sentence on the charge of assault with intent to commit gross indecency be and is hereby corrected to a term of imprisonment of 6-2/3 to 10 years.

Affirmed, sentence corrected in part.

All concurred.