# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 140

Lawrence Lavallie,                                              Plaintiff and Appellee

v.

Lorne Jay,                                              Defendant and Appellant

and

Michael Charette,                                              Defendant

### No. 20190402

Appeal from the District Court of Rolette County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Rheider W. McCormick (argued) and Jason R. Vendsel (on brief), Minot, ND, for plaintiff and appellee.

Lorne Jay, self-represented, St. John, ND, defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Lorne Jay appealed from a district court judgment ordering Jay pay Lawrence Lavallie $946,421.76. In *Lavallie v. Jay*, this Court retained its jurisdiction while remanding the case back to the district court for further determination on subject matter jurisdiction. 2020 ND 147, ¶ 11, 945 N.W.2d 288. Relying on the findings of the district court, we reverse and remand with directions to vacate the judgment and to dismiss the case for lack of subject matter jurisdiction.

I

[¶2]   Lavallie commenced this personal injury action after he was involved in a motor vehicle accident with Jay and Michael Charette. In our previous opinion, we provided a detailed recitation of the facts of the accident. *See Lavallie*, 2020 ND 147, ¶ 2. However, additional facts will be added as necessary.

[¶3]   Lavallie filed suit against Jay and Charette, and Jay filed a motion to dismiss for lack of subject matter jurisdiction. Jay argued the district court lacked subject matter jurisdiction because the accident occurred on land owned by the Turtle Mountain Band of Chippewa Indians ("the Tribe") and because all of the parties involved were members of the Tribe. Jay submitted two documents to support his argument. One was a map indicating County Road 43, where the accident occurred, is located on land held in trust for the Tribe. The second was a lease from the Tribe for Jay's property. Lavallie opposed the motion and submitted maps showing County Road 43 located outside the external boundaries of the Turtle Mountain Reservation. The district court denied the motion. It concluded Jay failed to file a brief or affidavits in support of his motion. Additionally, it concluded County Road 43 in Rolette County is located outside the external boundaries of the Turtle Mountain Reservation, and Jay's motion should be denied on the merits.

[¶4]   On appeal, we remanded to the district court for further consideration on subject matter jurisdiction. *Lavallie*, 2020 ND 147, ¶ 11. We held, "Jay bears the burden of proving the district court lacks subject matter jurisdiction." *Id.* at ¶ 7. Instructions were provided to the district court as follows:

> We remand while retaining jurisdiction under N.D.R.App.P. 35(a)(3) for the district court to make findings on whether the parties to this cause of action were enrolled members of the Tribe and whether the accident occurred on land held in trust for the Tribe. Upon remand, the district court may make the additional findings from the existing record or, in its discretion, may hold additional evidentiary hearings. If the district court finds the parties were enrolled members of the Tribe and the accident occurred on land held in trust for the Tribe, the court must determine whether it has subject matter jurisdiction over claims between enrolled members involving conduct occurring on tribal trust land.

*Id.* at ¶ 11.

[¶5]   On remand, the district court held two evidentiary hearings. On February 10, 2021, the court filed its supplemental findings of fact and conclusions of law. At the first hearing, Jay testified he is a member of the Tribe and lives on a tribal home site, on land held in trust by the U.S. government. Jay also offered two documents as evidence, but the court did not admit the documents.

[¶6]   At the second hearing, Jay offered two more documents. The first the district court declined to admit. The second document, a summons and complaint filed in Turtle Mountain Tribal Court, was admitted. The complaint alleged all the parties were enrolled members of the Tribe. Lavallie's attorney testified the document was created to protect against any statute of limitations defense, which the court noted was also indicated in the complaint itself.

[¶7]   In its supplemental findings of fact and conclusions of law, the district court found Jay's home site "is located directly adjacent to the county road upon which the accident occurred" and "Jay makes a yearly lease payment on his property to the Bureau of Indian Affairs." It also found Jay has leased his

property from the Bureau of Indian Affairs for twenty-five years. The court concluded, "Jay ha[d] established that he is an enrolled member of the Turtle Mountain Band of Chippewa Indians, and that the land upon which the county road runs at the location of this accident is land held in trust." The court also found Jay did not meet his burden to prove Lavallie and Charette are members of the Tribe. Although Jay testified Lavallie was an enrolled member, the court sustained an objection to Jay's testimony. The court sustained the objection after Jay admitted he did not have personal knowledge of Lavallie's membership status.

[¶8] Although the district court found the accident occurred on tribal trust land and Jay was a member of the Tribe, it concluded Jay had the burden of proving the other parties' membership status. It found Jay did not meet that burden, and the court could not presume all three parties were enrolled members of the Tribe. Because Jay did not prove all three parties were enrolled members of the Tribe, the court held it had subject matter jurisdiction over the matter.

II

[¶9] On appeal, Jay makes three arguments concerning the evidence he offered to the district court at the evidentiary hearings. "Questions, the answers to which are not necessary to the determination of an appeal, need not be considered." *State v. Osier*, 1997 ND 170, ¶ 14, 569 N.W.2d 441. Because the evidentiary issues raised by Jay are not necessary to determine whether the district court had subject matter jurisdiction, we decline to address them.

III

[¶10] In light of Jay's membership status and the accident's location, the issue before us is whether the district court had subject matter jurisdiction. Jay had the burden to prove the district court lacked subject matter jurisdiction. *Lavallie*, 2020 ND 147, ¶ 7. Lavallie argues the district court had exclusive subject matter jurisdiction over this matter. Alternatively, he argues even if this Court concludes Jay met his burden to prove a lack of subject matter jurisdiction, the district court retains concurrent jurisdiction with the tribal

3

court. "[W]hen jurisdictional facts are in dispute, we are presented with a mixed question of law and fact." *Id.* at ¶ 5. "Under this standard, we review questions of law de novo, and findings of fact are subject to the clearly erroneous standard of review." *Id.*

[¶11] In *Williams v. Lee,* the United States Supreme Court established the infringement test, which states, "Essentially, absent governing Acts of Congress, the question has always been whether the state action infringed on the right of reservation Indians to make their own laws and be ruled by them." 358 U.S. 217, 220 (1959). This test precludes state court jurisdiction over certain claims if it "would undermine the authority of the tribal courts over reservation affairs and thereby infringe on the right of the Indians to govern themselves." *Roe v. Doe,* 2002 ND 136, ¶ 7, 649 N.W.2d 566 (quoting *McKenzie Cty. Soc. Servs. Bd. v. V.G.,* 392 N.W.2d 399, 402 (N.D. 1986)).

> There are two categories of claims over which the United States Supreme Court has held tribal courts have exclusive civil jurisdiction under the infringement test. Included in the first category are those claims in which a non-Indian asserts a claim against an Indian for conduct occurring on that Indian's reservation. *See Williams* [*v. Lee,* 358 U.S. 217, 223, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959)]. In the second category, are those claims in which all the parties are members of the same Indian tribe and the claim involves conduct occurring on that tribe's reservation. *See Fisher v. District Court,* 424 U.S. 382, 387–89, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976) (per curiam).

*Winer v. Penny Enters., Inc.,* 2004 ND 21, ¶ 11, 674 N.W.2d 9 (quoting *Roe,* at ¶ 8).

[¶12] In this case, the district court found Jay met his burden to prove he is a member of the Tribe, but he did not prove Lavallie is a member of the Tribe. In addition, the court found the accident occurred on tribal trust land off the reservation. As a result, Lavallie asserted a claim against an Indian, Jay, for conduct occurring on land held in trust for Jay's tribe. Under the first category of the infringement test, state subject matter jurisdiction is precluded when "a non-Indian asserts a claim against an Indian for conduct occurring on that

Indian's reservation." *See Winer*, 2004 ND 21, ¶ 11 (internal citations omitted). We must determine whether tribal trust land is considered the same as reservation land for purposes of the infringement test.

A

[¶13] The United States Supreme Court's use of the word "reservation" in the *Williams* infringement test has been interpreted to encompass more than formal reservations. *See Three Affiliated Tribes v. Wold Eng'n, P.C.*, 476 U.S. 877, 887 (1986) (explaining the *Williams* infringement test using the term "Indian country" instead of "reservation"). In the context of a state's regulatory authority over tribal members, the United States Supreme Court looks at the territorial boundaries the state is seeking to regulate and whether the territory qualifies as "Indian country." *Okla. Tax Comm'n v. Sac & Fox Nation*, 508 U.S. 114, 124-25 (1993). Unless federal law directs otherwise, "[a] state ordinarily may not regulate the property or conduct of tribes or tribal-member Indians in Indian country." F. Cohen, *Handbook of Federal Indian Law* § 6.03[1][a], at 511 (2012).

[¶14] Further, the general rule that a state may not regulate tribal members in Indian country also applies to a state's adjudicatory jurisdiction. *See* Cohen, *supra*, § 6.03[1][a], at 513. "State judicial jurisdiction over Indian tribes and tribal members in Indian country is subject to the same general rule precluding that authority in the absence of express authorization by treaty or statute." *Id.* Therefore, "state court assumption of jurisdiction in cases against Indian defendants arising in Indian country is impermissible." *Winer*, 2004 ND 21, ¶ 11; *see also* Cohen, *supra*, § 6.04[1], at 530 ("States generally lack civil and criminal jurisdiction over Indians within Indian country, absent federal legislation specifying to the contrary.").

B

[¶15] Because state courts lack subject matter jurisdiction over actions against an Indian defendant arising in Indian country, it is necessary for us to determine whether Indian country includes the Tribe's trust land where the accident occurred. The definition of Indian country is found in the federal

5

criminal code. Cohen, *supra*, § 3.04[1], at 184. Nonetheless, this definition "applies in the civil context as well." *Id.* The federal statute defines "Indian country" as:

> (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

18 U.S.C. § 1151; *see also McGirt v. Oklahoma*, 140 S. Ct. 2452, 2474 (2020) (explaining "dependent Indian communities" qualify as Indian country under the statute).

[¶16] In *Oklahoma Tax Commissioner v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, the United States Supreme Court examined whether tribal sovereign immunity protected the Potawatomi Tribe from a lawsuit for conduct occurring on trust land off the reservation. 498 U.S. 505, 511 (1991). The Court examined whether the trust land would be considered Indian country stating, "[T]he test for determining whether land is Indian country does not turn upon whether that land is denominated 'trust land' or 'reservation.' Rather, we ask whether the area has been validly set apart for the use of the Indians as such, under the superintendence of the Government." *Id.* (internal citations and quotations omitted) (using the terms Indian country and reservation interchangeably). The Court held the trust land off the reservation was "validly set apart" and "qualifie[d] as a reservation for tribal immunity purposes" solely because it was "held by the Federal Government in trust for the benefit of the Potawatomis." *Id.*; *see also United States v. Azure*, 801 F.2d 336, 338 (8th Cir. 1986) (examining whether tribal trust land located near the Turtle Mountain Reservation qualified as Indian country in order for federal jurisdiction to extend to a criminal offense).

6

[¶17] Here, Jay was blowing snow from his driveway, which is adjacent to the scene of the accident. The district court found "the land upon which the county road runs at the location of this accident is land held in trust." The status of the land where the accident occurred being held in trust validly sets it apart for use by the Tribe and its members. *See Potawatomi*, 498 U.S. at 511. The trust land is therefore part of Indian country for purposes of determining subject matter jurisdiction. As a result, the state district court has no subject matter jurisdiction over this matter because it is an action brought by Lavallie, against an Indian, Jay, for conduct occurring in Indian country. *Winer*, 2004 ND 21, ¶¶ 8, 11. Although Lavallie argues the court has concurrent jurisdiction, the court cannot retain concurrent jurisdiction with the tribal court under the *Williams* infringement test because it provides the tribal court with exclusive subject matter jurisdiction.[1] *See Williams*, 358 U.S. at 220.

IV

[¶18] We reverse and remand to the district court for it to vacate the judgment and dismiss the case for lack of subject matter jurisdiction.

[¶19] Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte

---

[1] During the second oral argument in this matter, we were informed the tribal court action is still pending.